Roger Lee **PORTER**, Petitioner,

v.

The **STATE of Oklahoma**, Respondent.

No. F–84–826.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1991.

## ORDER DENYING PETITION FOR REHEARING

On July 2, 1990, the appellee, State of Oklahoma, filed a petition for rehearing in the above styled and numbered appeal. In its petition, the State alleged that this Court overlooked relevant facts as to whether the district court had commenced a post-examination competency hearing as previously ordered by this Court. On October 23, 1990, this Court called for a response from the appellant as to whether this petition for rehearing should be granted which was timely filed. The record does reflect that the District Court of Cherokee County did conduct a hearing on July 7, 1989, at which it determined that it would be feasible to conduct a retrospective competency hearing. However, as of the date of this Court's order of June 11, 1990, the retrospective competency hearing had not been conducted despite repeated orders from this Court to do so.

A rehearing is allowed pursuant to 22 O.S.Supp.1989, Ch. 18 App., *Rules of the Court of Criminal Appeals*, Rule 3.14(B). However, this rule limits the conditions upon which a rehearing may be had to those situations where a question decisive of the case which was raised by the attorney of record has been overlooked or where the decision is in conflict with an express statute or controlling decision that was not called to the attention of this Court in the briefs. Having considered the petition filed herein and the response filed by appellant, this Court finds that the petition for rehearing is based upon neither of these conditions, and therefore the petition should be DENIED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Ed Parks
ED PARKS,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge